## ZELL v. AMERICAN SEATING CO.

District Court, S. D. New York.

March 18, 1943.

Donovan, Leisure, Newton & Lumbard, of New York City (James R. Withrow, Jr.,

544

of New York City, of counsel), for plaintiff.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Albert R. Connelly and Harold R. Medina, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant for summary judgment in its favor dismissing the complaint.

The action is to recover $476,000 for commissions alleged to have been earned in obtaining war contracts amounting in the aggregate to $5,950,000. The complaint alleges that the commissions were earned under a contract, partly written and partly oral, entered into between the parties on October 31, 1941.

The written portion of the contract is in the form of a letter from the defendant to the plaintiff, dated October 31, 1941. This letter was signed on behalf of the defendant by H. M. Taliaferro, the defendant's president, and was "accepted" in writing on the day of its date by the plaintiff. The letter reads in part as follows:

"We will employ you as our representative as above mentioned for a period of three months beginning November 1, 1941, and ending January 31, 1942, at a total compensation for said period of Three Thousand Dollars, payable One Thousand Dollars each month, such payment to be in full for your expenses and compensation for all work done on our behalf during said period.

"As above mentioned, the sum of Three Thousand Dollars will be full compensation, but the Company may, if it desires, pay you something in the nature of a bonus".

The oral portion of the contract is alleged in the complaint to have been that "in the event that the plaintiff was successful in procuring contracts for the defendant, then the defendant agreed to pay plaintiff in addition to said $1,000 a month, a further sum in the nature of a bonus in an amount equal to from three per cent (3%) to eight per cent (8%) of the contract or purchase price of said contracts, the exact amount within said limits to be later determined by the parties".

The plaintiff in his bill of particulars states that the oral portion of the contract was entered into by the defendant represented by H. M. Taliaferro, the defendant's president, and the plaintiff, at Mr. Talia-

ferro's office at Grand Rapids, Michigan, at the time the letter agreement was signed.

The letter agreement was twice extended in writing for additional periods of three months each, and it is not disputed by the plaintiff that during this entire time he was paid the sum of $1,000 monthly.

The question then is whether the letter agreement may be varied by a contemporaneous oral agreement such as alleged in the complaint. The letter itself provides that the monthly payment of $1,000 is "to be in full for your expenses and compensation for all work done on our behalf during said period". Clearly, the alleged oral agreement cannot be reconciled with this express provision; it is plainly an attempt to contradict and vary the written terms. The succeeding paragraph of the letter reading that "the Company may, if it desires, pay you something in the nature of a bonus" does not help the case for the plaintiff, for it merely emphasizes the fact that the monthly payment constituted the only obligation of the defendant with respect to compensation, and that anything more would be left entirely to the defendant's sole discretion.

The motion of the defendant for summary judgment in its favor dismissing the complaint is granted, with costs.